**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**

| | | |
|---|---|---|
| **TRACY GRIFFIN,** | * | Case No. 1:17-cv-525 |
| *Plaintiff,* | * | |
| v. | * | |
| **CHORES ON DEMAND, LLC,** | * | **COMPLAINT** |
| *Defendant.* | * | |

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this complaint against Defendant for recovery of unpaid wages.  Specifically, Plaintiff seeks back pay, liquidated damages, and reimbursement of her costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution).   Further, Plaintiff seeks her unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15.

**JURISDICTION & VENUE**

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Further, this Court has supplemental jurisdiction over the Ohio law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in Hamilton County, Ohio.

## PARTIES & BACKGROUND

4.     Plaintiff was employed by Defendant as a janitor in March and April 2017.

5.     Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

6.     Plaintiff, while employed by Defendant, was engaged in commerce because Defendant employed Plaintiff as a janitor in commercial office buildings where Plaintiff used tools and materials made outside the State of Ohio.

7.     Defendant Chores On Demand, LLC was, at all times relevant, a limited liability company organized under the laws of the State of Ohio.

8.     Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

9.     Defendant, at all times relevant, had at least two employees performing work in the State of Ohio; ordered and used tools and materials made and shipped from locations outside the State of Ohio; and accepted checks from customers as payment—all of which constitutes interstate commerce.

10.     Defendant, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

11.     Defendant paid Plaintiff nothing at all, that is, $0.00 per hour, for approximately 40 hours of work she performed for Defendant during her last week of work in April 2017.

12.     Plaintiff has demanded payment in full, yet Defendant has failed and refused to tender payment.

2

**FIRST CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under the FLSA)*

13.     Plaintiff re-alleges and incorporates the above allegations.

14.     Under 29 U.S.C. § 206, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform in 2017.

15.     Defendant willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $0.00 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

16.     Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

17.     Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant's representative, Plaintiff did not do her job correctly and failed to return property to Defendant.  Those grounds are disputed by Plaintiff and, regardless of their veracity, are irrelevant to whether an employee is entitled to payment of wages.

18.     Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

19.     Because Defendant willfully has failed to pay Plaintiff at least the minimum rate of wages for all hours she worked at $7.25 per hour worked, Plaintiff is entitled to collect $290.00 as and for liquidated damages, i.e., 40 hours multiplied by $7.25 per hour.

**SECOND CLAIM FOR RELIEF**

*(Non-Payment of Minimum Wages under Ohio Law)*

20.     Plaintiff re-alleges and incorporates the above allegations.

21.     Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's

3

Constitution, Defendant was obligated to pay Plaintiff the minimum rate of wages for any work it suffered, permitted, or required Plaintiff to perform.

22.    Defendant failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour in 2017, which is less than the applicable Ohio minimum wage rate of $8.15 per hour worked in 2017.

23.    Defendant knowingly and willfully failed to pay Plaintiff for all hours worked.

24.    Defendant was aware Plaintiff worked these hours, but still refused to pay Plaintiff because, as stated by Defendant's representative, Plaintiff did not do her job correctly and failed to return property to Defendant.  Those grounds are disputed by Plaintiff and, regardless of their veracity, are irrelevant to whether an employee is entitled to payment of wages.

25.    Defendant does not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law.

26.    Because Defendant failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2017 at $8.15 per hour worked, Plaintiff is entitled to collect $652.00 as and for liquidated damages, i.e., 40 hours multiplied by $8.15 per hour multiplied by 2.

### THIRD CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

27.    Plaintiff re-alleges and incorporates the above allegations.

4

28.     For 40 hours of work in April 2017, Defendant failed to pay Plaintiff her agreed upon wages of approximately $334.00.

29.     Defendant failed to pay Plaintiff her weekly wages, as described above, within the statutory time period under Ohio Rev. Code § 4113.15.

30.     To date, Defendant has failed to pay wages in the amount of approximately $334.00 due and owing to Plaintiff, and there is no legitimate dispute that Plaintiff is owed these wages.

31.     Because Defendant failed to pay Plaintiff her wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks her wages in the amount of approximately $334.00 plus liquidated damages in the amount of $200.00.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter judgment as follows:

a.      ordering Defendant to pay $334.00 as and for back pay and $1,142.00 as and for federal and state liquidated damages for each hour Plaintiff worked for which Defendant failed to pay Plaintiff properly;

b.      ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

c.      awarding any other legal or equitable relief.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

5