UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| **TRACY GRIFFIN,** | * | Case No. 1:17-cv-525 |
| *Plaintiff,* | * | Judge Timothy S. Black |
| v. | * | |
| **CHORES ON DEMAND, LLC,** | * | **UNOPPOSED MOTION TO APPROVE SETTLEMENT UNDER THE FAIR** |
| *Defendant.* | * | **LABOR STANDARDS ACT AND STAY ACTION** |
| | * | |
| | * | |

Plaintiff requests the Court to approve a proposed settlement and stay this action until December 29, 2017 to allow the parties to fulfill obligations under the settlement. Plaintiff's counsel consulted with Defendant's counsel under S.D. Ohio Civ. R. 7.3, and Defendant does not oppose this motion. A memorandum in support is attached, and a proposed order is included.

Respectfully submitted,

s/Ryan K. Hymore

Ryan K. Hymore (0080750)
rkhymore@bmanganolaw.com
Mangano Law Offices Co., LPA
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
Tel: 513.255.5888/ Fax: 216.397.5845

*Trial Attorney for Plaintiff*

1

**MEMORANDUM IN SUPPORT**

The parties have negotiated a settlement, which will resolve all claims and counterclaims, with its effectiveness subject to Court approval. The undersigned counsel submits that the settlement constitutes a fair and reasonable resolution of a *bona fide* dispute, in accordance with *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). In approving the settlement, the Court will thereby promote the policy of encouraging settlement in litigation. *Id*. at 1354. Several factors guide the inquiry in determining whether this settlement is fair and reasonable:

1. The existence of collusion behind the settlement;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The probability of Plaintiff's success on the merits;
5. The range of possible recovery; and
6. The opinions of counsel.

*Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 N.6 (11th Cir. 1994); *see also Gentrup v. Renovo Services, LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). "Additionally, when a settlement agreement includes an award of attorneys' fees, such fees must be reasonable." *Croniser v. REDBACK Energy Servs.*, No. 2:16-cv-108, slip op. at 2 (S.D. Ohio Feb 16, 2017) (citing *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645 (S.D. Ohio Sept. 25, 2015) (citations omitted)).

Plaintiff represents, with respect to these factors:

1. There has been no collusion behind this settlement.

2. This litigation, although not complex, would necessarily involve substantial time and expense to litigate given the various claims, counterclaim, and defenses.

3. This case was settled after consultation with Plaintiff concerning her hours worked and rates paid, as well as settlement negotiations by and between the attorneys for the parties.

4. Plaintiff alleges that Defendant paid her nothing at all, that is, $0.00 per hour, for approximately 40 hours of work she performed for Defendant during her last week of work in April 2017. Defendant disputes these claims, believing Plaintiff was an independent contractor and asserting that Plaintiff actually owes Defendant money for damaged equipment.

5. The amount paid to Plaintiff under the agreement, that is, $692.35, will compensate Plaintiff for each and every alleged unpaid or underpaid hour worked during her entire tenure of employment as well all liquidated damages allowed under federal law. Although Plaintiff could attempt to recover additional liquidated damages under state law, she was willing to waive the remainder given Defendant's willingness to settle the case promptly.

6. Undersigned counsel signifies his opinion that this settlement is fair and reasonable and, because this matter was referred to him on a *pro bono* basis, is waiving any claim to attorneys' fees. The amount of $7.65, however, will be paid to undersigned counsel as reimbursement of all court and litigation costs.

Wherefore, Plaintiff respectfully requests the Court to approve the agreement as outlined herein and stay the case pending full compliance with the agreement or until December 29, 2017.

## CONCLUSION

For the foregoing reasons, the motion should be GRANTED.

                                Respectfully submitted,

                                s/Ryan K. Hymore

                                Ryan K. Hymore (0080750)
                                rkhymore@bmanganolaw.com
                                Mangano Law Offices Co., LPA
                                3805 Edwards Road, Suite 550
                                Cincinnati, Ohio 45209
                                Tel: 513.255.5888/ Fax: 216.397.5845

                                *Trial Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing paper will be served by email upon all parties of record on December 8, 2017 through the Court's CM/ECF system.

         s/Ryan K. Hymore
         _____